IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 1:05CR239-T |
| | ) | WO |
| JOSEPH L. KENNEDY | ) | |

## O R D E R OF DETENTION

For reasons now explained, the court determines that the Government's Motion for Detention Hearing, filed October 11, 2005 (Doc.4) but not brought to the court's attention during the Initial Appearance, should be GRANTED to the extent that it seeks detention and DENIED without prejudice to the extent that it seeks a hearing pursuant to 18 U.S.C. 3142(e) and (f).

### I.

Having been sentenced by this court on July 13, 2005, to 240 months in the custody of the Bureau of Prisons for a narcotics conviction (Case No. 2:01CR172-001), JOSEPH L. KENNEDY ("Defendant") is scheduled to begin this federal sentence on October 13, 2005. In the pending indictment, filed October 4, 2005, he is charged with distributing approximately 5 pounds of marijuana on September 2, 2005. At his initial appearance this day, the court concluded that these circumstances dictate that he should be detained without a detention hearing but without prejudice for him to request such a hearing if defense counsel determines it necessary to ensure full credit for all time incarcerated prior to any conviction.[1]

### II.

The Indictment reflects probable cause to believe that Defendant, while on pre-sentence release,

---

[1] Noting the defendant's scheduled surrender date, the court inquired of counsel at the initial appearance whether any good cause existed for a detention hearing as his impending incarceration appeared to justify detention on the pending indictment. The United States concurred with the court's reasoning on the futility of a hearing while defense counsel requested and received leave to insist on a hearing if needed to ensure full credit to the Defendant for pre-conviction time spent in confinement on this indictment.

violated the condition prohibiting his commission of another crime; about six weeks before his scheduled surrender date he allegedly distributed approximately five pounds of marijuana on September 2, 2005. Conviction on the marijuana distribution offense under 21 U.S.C.§ 841(a)(1) includes a prison term of not more than ten years; pursuant to 18 U.S.C. 3147, conviction also includes a consecutive prison term of not more than 10 years

The Government's *Motion* avers the eligibility of this case for a detention order because it involves a drug offense for which the maximum prison term is 10 or more years and because the defendant's release presents a serious risk of obstruction of justice. Detention is necessary, according to the Motion, because no release conditions can assure Defendant's appearance as required or the safety of any other person and the community. The United States invokes the rebuttable presumption for detention under 18 U.S.C. 3142(e).

### III.

The record is indisputable that the defendant is scheduled to commence his prison term within 48 hours. Thus, it would be meaningless to consider conditions for his release as he will be imprisoned then for at least ten years. The imminence of that term coupled with his alleged criminal activity while awaiting its commencement militate against any effort to fashion release conditions during this brief interlude; indeed, his release now increases the likelihood of his flight and/or danger to the community given the additional prison terms looming if convicted on the pending indictment.      Thus, the court readily concludes that detention is compelling, and if provided a detention hearing, Defendant could not rebut the presumption of detention satisfactorily to modify this court's judgment premised on the explanation stated. The interests of judicial efficiency would not be served by conducted a detention hearing, and absent any showing of prejudice by the defendant, no superior interests of the Defendant or the United States would be advanced by conducting a hearing.

**IV.**

**For this good cause, the court finds that immediate detention is warranted. It is, therefore, ORDERED, that the Government's Motion is GRANTED with respect to its request for DETENTION and DENIED to the extent of its request for a detention hearing.**

It is further **ORDERED** that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 12th day of October, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE